**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

**IN RE: NEDRA YVETTE BANKS**                                   Case No. 04-38360-DOT
    **Chapter 7 Debtor**

**LYNN L. TAVENNER, TRUSTEE FOR THE
BANKRUPTCY ESTATE OF NEDRA Y. BANKS**
                    Plaintiff
v.                                                              Adversary Proceeding No. 07-03157-DOT

**IVAN MORTON
MARY CARY,
COUNTRYWIDE HOME LOANS, INC.,
COUNTRYWIDE BANK, N.A.,**
A Natl Assn.,
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
SAMUEL I. WHITE, P.C., TRUSTEE,
BENEFICIAL,
LONG & FOSTER,
SHAHEEN & SHAHEEN, P.C.,
NEDRA Y. BANKS, a/k/a Nedra Banks-Jones**
                    Defendant

**MARY CARY, Cross-Claimant**

v.

**IVAN MORTON, Cross-Defendant,
SHAHEEN & SHAHEEN, P.C., Cross-Defendant.**


**SHAHEEN & SHAHEEN, P.C., Cross-Claimant**
v.
**IVAN MORTON, Cross-Defendant**


**MEMORANDUM OPINION AND ORDER
(NOT FOR PUBLICATION)**

Plaintiff Lynn L. Tavenner, chapter 7 trustee for debtor Nedra Yvette Banks, filed this

adversary proceeding on November 22, 2007, against multiple defendants, including

Countrywide Home Loans, Inc., Countrywide Bank, N.A., Mortgage Electronic Registration Systems, Inc., (collectively, Countrywide) and Samuel I. White, P.C. (White). On February 11, 2008, Countrywide and White by counsel filed a motion and memorandum in support thereof requesting the dismissal of the Countrywide defendants and White from the adversary proceeding. (Dockets 29. 30.) Subsequently, the parties exchanged responses in the nature of memoranda of law and argument. Hearing on the motion was held on June 18, 2008; the court heard argument of counsel and took ruling under advisement.[1]

On July 22, 2008, the court wrote a letter to all counsel, pointing out a potential issue that is not raised in any pleading filed to date. This issue concerns the effect of revesting language contained in 11 U.S.C. § 1327(b) and the revesting language in debtor's confirmed chapter 13 plan. Because no party has raised this issue, the court will not consider it *sua sponte* in this opinion.

For reasons stated below, the motion to dismiss will be granted in part and denied in part.

Factual Background.

Debtor Nedra Banks filed a chapter 13 petition on September 3, 2004. Her case was converted to chapter 7 on October 23, 2006. In summary, the trustee's complaint alleges the following underlying facts:

At the time she filed her bankruptcy petition, debtor held title to real property located at 5107 Oak Forest Drive, Chesterfield County, Virginia. On March 15 and April 1, 2005, the court entered orders granting conditional relief from the automatic stay with respect to two deeds of

---

[1] Countrywide and White also filed an affidavit of defense, which seeks to assert its defenses to the complaint. The court does not consider this document for purposes of ruling on the motion to dismiss.

trust on that same real property. After debtor failed to comply with the payment provisions of these conditional orders, the secured creditors commenced foreclosure proceedings against the property.

Following commencement of the foreclosure proceedings, debtor was contacted by defendant Ivan Morton. In subsequent meetings between the two, Morton represented to debtor that he could help her avoid foreclosure of her property. At Morton's request, debtor signed several documents that included a power of attorney, a contract of sale, a deed of conveyance for debtor's property, and other papers necessary to a sale of the property. Debtor's signatures to the documents were notarized. Debtor was not aware of the import of these papers.

The contract of sale signed by debtor provided for a sale of her real property to defendant Mary Cary for a price less than the value of the property. The defendant Shaheen law firm represented Cary in the closing of this sale and conducted the settlement, which took place on November 23, 2005.[2] Following settlement, Shaheen issued a check payable to Morton representing the net sale proceeds.[3] No part of the sale proceeds was ever delivered to debtor or to the trustee.

At settlement, Cary granted a first deed of trust lien against the subject property in the amount of $118,000.00. The lender and holder of the deed of trust was one of the Countrywide defendants named in the trustee's complaint. On June 5, 2006, Cary granted Countrywide a second deed of trust lien in the approximate amount of $22,000.00. Defendant Samuel I. White,

---

[2] The trustee's complaint incorrectly states the settlement date as November 23, 2007.

[3] The complaint alleges that the check, in the amount of $48,993.95, was made payable to "Ivan Morton f/b/o/ Nedra Banks."

P.C., serves as trustee in the deeds of trust.

The postpetition transfers of debtor's real property were not authorized by this court.

Trustee's Complaint.

Following her allegations of fact, the trustee's complaint asserts six counts for relief. In abbreviated form, the six counts and the trustee's arguments are as follows.

**COUNT I, AVOIDANCE OF POSTPETITION TRANSFERS PURSUANT TO § 549(a)**

Trustee argues that the property transfers are void under Bankruptcy Code § 363 (unauthorized conveyance) or § 362 (violation of automatic stay) and that trustee is entitled to avoid any transfer in accordance with § 549(a). Trustee seeks to avoid all postpetition transfers of property or proceeds, including, without limitation, the purported transfer to Cary and her subsequent transfer to any and all mediate transferees, including Countrywide and White.

**COUNT II, TURNOVER**

Trustee argues that the subject realty and proceeds of the sale are property of the estate pursuant to § 541 of the Bankruptcy Code. She maintains that each defendant is an entity in possession, custody, or control of property of the Estate, within the meaning of § 542 of the Code. Under § 542(a), defendants must deliver to the trustee or account for the property or the value of the property. The trustee requests immediate turnover by defendants of the property or the proceeds of sale pursuant to §§ 542 and 544 or other applicable law.

**COUNT III, SHAHEEN'S BREACH OF ESCROW AGREEMENT OR FIDUCIARY DUTY**

Trustee argues that Shaheen owed a duty to debtor or the estate to safeguard funds it held for the benefit of debtor or the estate pursuant to an escrow agreement. Also, trustee argues that Shaheen owed debtor or the estate a fiduciary duty to handle any funds with appropriate care.

She contends that Shaheen breached its duties by delivering the net sale proceeds to Morton, causing damages to the estate in an amount not less than $48,993.95. Further, she contends that Shaheen is also liable to the estate for funds it controlled and distributed to other defendants at closing. Finally, she contends that Shaheen and its client, Cary, knew or should have known that the deed conveying title to Cary constituted an unauthorized conveyance of estate property and was therefore void.

Trustee seeks judgment pursuant to § 542 against Shaheen in amount not less than the aggregate of all proceeds from the sale of the property, which it controlled and distributed to other defendants and to itself.

**COUNT IV, MORTON'S ACTUAL FRAUD AND BREACH OF DUTIES**

Trustee seeks 1) judgment against Morton in an amount not less than the aggregate proceeds from the sale of the property on account of his actual fraud and breach of contractual and fiduciary duties and 2) punitive damages for Morton's willful and malicious disregard of debtor's rights and rights of the estate.

**COUNT V, CATCH-ALL**

In this count, trustee enumerates transfers she intends to pursue for the benefit of the estate. She intends to avoid and recover all transfers to any defendant that 1) are avoidable under Code §§ 542, 544, 545, 547, 548, 549, 550, 551, and 552 or other applicable law; and 2) took place within the applicable look-back periods set forth in these statutes or as otherwise allowed . She also requests turnover of any property of the estate now in possession of any defendant or value of the same pursuant to §§ 542, 543, or 544.

In count V, trustee states that she intends to assert as to each defendant all claims, benefit

from all available remedies, and recover maximum available damages under any and all theories supported by law and the facts of the case, including theories of civil conspiracy, fraud, aiding and abetting fraud, and conversion. She therefore requests that the court 1) order avoidance of the transfers, 2) compel turnover of estate property, and 3) grant money judgment not less than $147,500.00 against appropriate defendants under any theory of recovery supported by the law and facts of the case.

**COUNT VI, RECOVERY PURSUANT TO 11 U.S.C. § 550**

Trustee argues that the transfers of property and the proceeds of the sale are avoidable under §§ 362, 363, 549(a) or other applicable law and that therefore any transfers to Cary, any other initial transferee and all mediate transferees are avoidable, if not void. Accordingly, trustee seeks to recover from these parties the property or its value, which she claims is not less than $147,500.00

Similarly, trustee argues that Cary and other defendants were the initial transferees, immediate or mediate transferees of the property or the proceeds, thus entitling trustee to recover not less than $147,500.00 jointly and severally from the various defendants plus the value of the other transfers alleged.

Trustee requests that the court enter an order 1) avoiding transfers of real property, 2) granting judgment jointly and severally against each defendant for the value of the property pursuant to § 550, 3) awarding interest at maximum rate from date of the transfers, and 4) compelling turnover of any estate property in possession of each defendant.

<u>Discussion and Conclusions of Law.</u>

MOTION TO DISMISS STANDARD

The standard to be applied in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),[4] as made applicable by Federal Rule of Bankruptcy Procedure 7012(b),[5] is well established. The court must accept all factual allegations in the complaint as true, construe the complaint in a light most favorable to the plaintiff, and recognize that dismissal is inappropriate "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999); *accord Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) ("A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."). Accordingly, for purposes of evaluating the motion to dismiss, the court presumes the facts alleged by the trustee to be true.

THE MOTION TO DISMISS

Countrywide and White move, pursuant to Rule 12(b)(6), "to dismiss Counts I, II, V and VI of the complaint to avoid and recover transfer(s); for determination that transfer(s) is/are void; and for turnover . . . as those counts relate to the Countrywide Defendants and the Trustee." They argue in a separate memorandum in support of the motion that trustee has failed to state a claim for relief as to them.

**Count I**

In count I, trustee seeks to avoid the transfers of debtor's realty as void or avoidable postpetition transfers pursuant to § 549(a), specifying the transfer to defendant Mary Cary and

---

[4] Fed. R. Civ. P. 12(b)(6).

[5] Fed. R. Bankr. P. 7012(b).

subsequently to Countrywide and White.

Countrywide and White assert that the trustee cannot prevail against them under § 549(a) because this section authorizes the avoidance of the bankruptcy estate's unauthorized postpetition transfers of property but not subsequent transfers of the property by the initial transferee from the estate. Because § 541(a) defines property of the estate as property in which the debtor has a legal or equitable interest, Countrywide and White argue that if debtor does not have a legal or equitable interest in the property at the time of the unauthorized transfer, then it is not property of the estate and the transfer is not avoidable under § 549. In other words, Countrywide and White argue that once debtor conveyed her property to Cary, the property was no longer property of the estate and thus it cannot be reached by the trustee under § 549. Trustee counters by asserting that the transfer of the property from to debtor was void and that the property never left the estate, which prevented Countrywide's lien from attaching to the property.

Trustee's argument that the unauthorized sale was void (or avoidable) is supported by *In re Weisser Eyecare, Inc.*, 245 B.R. 844, 850 (Bankr. N.D. Ill. 2000), and other authorities cited in this decision. Section 363(b) requires notice to creditors of a sale of estate property, and a sale without the required notice subverts the requirements of § 363(b). *Id.* The court finds this rationale alone sufficient to deny the motion to dismiss count I. Additionally, it is arguable that the transfer of debtor's property by deed of trust to Countrywide was void pursuant to § 362(a)(4).

The cases cited by Countrywide and White do not persuasively support their argument. Countrywide and White may well have defenses under §§ 549(c) or 550, but the court will not

address those defenses in a 12(b)(6) motion to dismiss. The issues raised by their arguments are more appropriately addressed in a motion for summary judgment.

Countrywide's motion to dismiss count I will be denied.

**Count II**

In this count, trustee seeks turnover from each defendant of sums due the estate, including the real property and the sales proceeds, pursuant to §§ 541, 542, and 544.

Countrywide and White state that count II fails to state a cause of action as to them because § 542 does not permit the turnover of the Countrywide deeds of trust by the chapter 7 trustee. Section 542(a) provides generally that an entity other than a custodian who has possession or control of property that the trustee may use, sell, or lease under § 363 or exempt under § 522 shall deliver the property to the trustee or account for the property's value. Countrywide and White here argue that it is implicit under § 542(a) that the property whose return is being sought be property owned by the debtor but not in debtor's possession; in this case, the debtor had transferred all of her interest in the property to Cary, and therefore Countrywide and White argue that debtor's estate did not have a legal or equitable interest in the property when the trustee's complaint was filed. Thus, they reason that the transfer divested debtor of any legal or equitable interest in the property, and the property is not property the estate can use, sell or lease under § 363 or exempt under § 522.

The cases cited in the motion only remotely support Countrywide and White's count II argument. Trustee alleges debtor's transfer to Cary was void, that the property was property of the estate when the complaint was filed, and that the property was property that the trustee could use, sell or lease under § 363.

Countrywide and White's motion to dismiss count II of the complaint will be denied.

**Count V**

Complaint paragraphs 88 and 89 of this catch-all count duplicate some allegations of previous counts and add allegations that trustee may recover under other specified provisions of the Bankruptcy Code. In addition, in paragraph 90, trustee makes broad general allegations that seek to incorporate "with respect to each defendant . . . any and all theories which are supported by the law and facts in this matter. . . ." Specific theories alleged include civil conspiracy, fraud, aiding and abetting fraud, and conversion. Trustee thus seeks in this count to put defendants on notice that she intends to pursue all available remedies.

Countrywide and White move to dismiss count V because it constitutes impermissible "shot gun" pleading under Fed. R. Civ. P. 8(a) and 10(b). Paragraph 88 asserts causes of action under multiple code sections requesting judgment against "appropriate defendants . . . under any theory of recovery. . . ." The multiple code sections stated in count V do not specify which defendants are to be held liable for which code sections. The court agrees that this pleading is not appropriate, primarily because of the confusion it can create among multiple defendants. The more specific allegations of other counts should be sufficient for trustee's purposes. If there are other code sections to be invoked then they should be attached to a particular defendant.

The trustee has argued that under the relaxed pleading standards applicable to trustees, her allegations with respect to civil conspiracy, fraud, and aiding and abetting fraud have been sufficiently pled. Although the court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations," *Eastern Shore Mkts., Inc. v. J.D. Assocs.*, 213 F.3d 175, 180 (4th Cir. 2000), mere conclusions

without factual support are insufficient to state a claim upon which relief can be granted. *Id.* Notice pleading is generally sufficient under the Federal Rules. However, Rule 9(b) of the Federal Rules of Civil Procedure,[6] made applicable by Bankruptcy Rule 7009,[7] requires that fraud be pleaded with particularity; also, when conspiracy is alleged a plaintiff must plead it with particularity. *See Lewis v. Gupta*, 54 F. Supp. 2d 611, 618 (E.D. Va. 1999).

The allegations of paragraph 90 are simply too broad in the context of trustee's complaint. Moreover, the court is not satisfied that the complaint contains sufficient allegations regarding Countrywide and White's liability for the specific claims alleged in paragraph 90.

Therefore, the motion to dismiss will be granted as to count V with leave for trustee to amend.

**Count VI**

In this count, trustee seeks judgment for the value of debtor's real property from the various transferees of the property, including Countrywide and White. Trustee relies upon §§ 362, 363, and 549(a) as authority for avoiding the transfers and § 550(a) for recovery against the transferees.

Countrywide and White move to dismiss this count based upon the argument that they are excepted from recovery under § 550(a) by virtue of § 550(b), which provides that a trustee may not recover from

> (1) a transferee that takes for value . . . in good faith, and without knowledge of the voidability of the transfer avoided; or
> (2) any immediate or mediate good faith transferee of such transferee.

---

[6]Fed. R. Civ. P. 9(b).

[7]Fed. R. Bankr. P. 7009.

11 U.S.C. § 550(b). They argue that they are in fact good faith transferees of the debtor's property. However, as pointed out previously, whether Countrywide and White fit the exception of § 550(b) is a question of fact that the court will not consider in a motion to dismiss under Rule 12(b)(6).

Because count VI of the complaint states a claim for relief, Countrywide and White's motion must be denied as to this count.

For the reasons previously set out,

**IT IS ORDERED** that the motion of Countrywide and Samuel I White, P.C. to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED in part**; count V is **DISMISSED** without prejudice. Otherwise the motion to dismiss is **DENIED**. Trustee is granted twenty-one days from the entry of this opinion and order to amend the complaint.

Signed: _____    /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Copies to:

Kevin A. Lake, Esquire
Vandeventer Black LLP
P.O. Box 1558
Richmond, Virginia 23218-1558
*Counsel for Chapter 7 Trustee, Plaintiff*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street
Richmond, Virginia 23219
*Chapter 7 Trustee*

Ivan Morton

4509 W. Broad Street
Richmond, Virginia 23230
*Pro se Defendant/Cross-Defendant*

Richard Samet, Esquire
500 Libbie Avenue, Suite 1C
Richmond, Virginia 23226
*Counsel for Mary Cary, Defendant/Cross-Claimant*

Robert L. Flax, Esquire
8 South Sheppard Street
Richmond, Virginia 23221-3028
*Counsel for Mary Cary*

Jeffrey L. Marks, Esquire
Kaufman & Canoles
Suite 700
2101 Parks Avenue
Virginia Beach, Virginia 23451
*Counsel for Countrywide Home Loans, Inc.,*
*Countrywide Bank, N.A., Samuel I. White, P.C., Trustee*

Paul K. Campsen, Esquire
Kaufman & Canoles
P.O. Box 3037
Norfolk, Virginia 23510
*Counsel for Countrywide Home Loans, Inc.,*
*Countrywide Bank, N.A., Mortgage Electronic*
*Registration Systems, Inc., Samuel I. White, P.C., Trustee*

A Natl. Assn.
Pro se
Beneficial
Pro se

Long & Foster
Pro se

Dominion First Realty
Pro se

David R. Ruby, Esquire
Michele A. Mulligan, Esquire
McSweeney Crump Childress & Temple, P.C.

11 South 12th Street
Richmond, Virginia 23219
*Counsel for Shaheen & Shaheen, P.C., Defendant/Cross-Defendant/Cross-Claimant*

Nedra Yvette Banks
431 Holly Brook Ridge Lane
Richmond, Virginia 23223
Pro se Debtor/Defendant

Nedra Yvette Banks
117 South Street
Highland Springs, Virginia 23075
Pro se Debtor/Defendant

Nedra Y. Banks
15980 Ruffin Lane
Amelia, Virginia 23002
Pro se Debtor/Defendant

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
The Main Street Centre
600 East Main Street, Suite 301
Richmond, Virginia 23219
*Assistant U.S. Trustee*