UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**IN RE: NEDRA YVETTE BANKS**
    Chapter 7 Debtor                                Case No. 04-38360-DOT


**LYNN L. TAVENNER, TRUSTEE FOR THE
BANKRUPTCY ESTATE OF NEDRA YVETTE BANKS**
    Plaintiff.
v.                                                                         Adv. Proc. No. 07-03157-DOT

**IVAN MORTON, et al.**
    Defendants.


**SHAHEEN & SHAHEEN, P.C.**
    Cross-Claimant
v.

**IVAN MORTON**
    Cross-Defendant

## <u>BANKRUPTCY JUDGE'S REPORT AND RECOMMENDATION</u>

Trial was held October 1, 2009, on the cross-claim of Shaheen & Shaheen, P.C. (Shaheen), against Ivan Morton. (The court was advised that all other claims raised by the trustee's complaint had been previously resolved by agreement.) At the conclusion of trial, the court requested the parties to submit written briefs within 30 days. Shaheen has filed its post-trial memorandum of law. Defendant Morton has not filed a brief, nor has he asked the court for additional time.

Because the cross-claim at issue constitutes a "related to" matter, 28 U.S.C. § 157(c) requires the bankruptcy court to submit this report of proposed findings of fact and conclusions of law to the district court for its consideration and for the entry of a final order or judgment. For reasons stated in this report, the court recommends that Shaheen is entitled to judgment against

cross-defendant Morton in the amount of the damages proved at trial, $60,600.00, and that Shaheen be given permission to amend the cross-claim.

## Background and Procedural History.

Debtor Nedra Banks filed a chapter 13 petition on September 3, 2004. Her case was converted to chapter 7 on October 23, 2006. Plaintiff Lynn L. Tavenner, who was appointed debtor's chapter 7 trustee, filed the complaint initiating this adversary proceeding on November 22, 2007. The complaint was based upon defendant Morton's allegedly fraudulent structuring of an unauthorized post-petition sale of residential real property owned by debtor, from which Morton received the seller's proceeds. Among other relief, the trustee's complaint sought avoidance of the transfer, turnover of the sale proceeds to the trustee, and damages against Morton for actual fraud and breach of contractual and fiduciary duties. Count III of the complaint sought damages against Shaheen as the settlement agent for the unauthorized transfers of debtor's real property based upon Shaheen's alleged breach of escrow agreement or fiduciary duty. The trustee sought judgment against Shaheen pursuant to 11 U.S.C. § 542 in an amount not less than the aggregate of all proceeds from the sale of debtor's property that the firm controlled and distributed to other defendants and to itself.

## Cross-Claim of Shaheen & Shaheen Against Defendant Morton.

The cross-claim alleges in substance that Morton held himself out as an attorney who was representing debtor Banks in the sale of her real property, that Shaheen issued the sale proceeds check to Morton according to his instructions, that the trustee alleges Shaheen breached its fiduciary duty and escrow agreement with debtor, that Morton made material misstatements of fact in representing that he was debtor's attorney, that Shaheen reasonably relied upon Morton's

representations, and that Shaheen has been damaged based upon the claims asserted against it by the trustee. Shaheen seeks judgment against Morton for damages, including punitive damages, fees and costs.

Morton's answer to the cross-claim denies liability and states that at no time did he inform Shaheen he was a Virginia attorney or that he was representing debtor as her attorney. Morton also counterclaimed against Shaheen for his expenses and costs. On September 25, 2009, prior to trial, the bankruptcy court entered an order granting Shaheen's motion to dismiss Morton's counterclaim.

Following trial, Shaheen filed a motion for leave to amend paragraph 8 of its cross-claim to conform to the evidence at trial. The trial evidence demonstrated that Morton did not represent himself as an attorney to debtor or to Shaheen, but rather he relied upon the power of attorney given to him by debtor. Shaheen proposes to amend paragraph 8 to read as follows:

> Morton held himself out as Banks' attorney in fact, acting pursuant to a Specific Power of Attorney, representing Banks in the sale of the Real Property.

The bankruptcy court recommends granting Shaheen's motion to amend pursuant to Fed. R. Civ. P. 15(b), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7015.

<u>Findings of Fact.</u>

At the time she filed her bankruptcy petition, debtor Banks held title to real property located at 5107 Oak Forest Drive, Chesterfield County, Virginia. On March 15 and April 1, 2005, the bankruptcy court entered orders granting conditional relief from the automatic stay with respect to two deeds of trust on that same real property. After debtor failed to comply with the payment provisions of these conditional orders, the secured creditors commenced foreclosure proceedings against the property.

Morton, a former bankruptcy attorney who had been disbarred by the Virginia State Bar, learned of the pending foreclosure and contacted debtor.[1] In subsequent meetings between the two, Morton represented that he could help her avoid foreclosure by a sale of the property. Debtor advised Morton that she was in bankruptcy, that her bankruptcy attorneys had instructed her that her trustee's permission was needed to sell the property, and that Morton should contact her attorneys to obtain approval of the sale. Debtor further advised Morton that the proper protocol for the property to be sold required the seller to obtain permission from the bankruptcy court and for her bankruptcy trustee to be paid the proceeds. (Tr. at 17, 16, 24-26.)

At Morton's request, debtor signed several documents that included a specific power of attorney, a contract of sale, a deed of conveyance for debtor's property, and other papers necessary to a sale of the property. The power of attorney, dated November 22, 2005, appointed Morton as debtor's "true and lawful attorney-in-fact" and authorized Morton to sign debtor's name to all necessary papers relating to the sale or mortgage of debtor's property. There was no agreement between debtor and Morton that he was allowed to receive the proceeds of sale of the property. Neither did debtor authorize Morton to cash a check for the proceeds. (Tr. at 21-22.)

Morton arranged a sale of debtor's property to Mary Cary. The Shaheen law firm represented Cary in the closing of this sale, which was to be financed by a deed of trust loan from Countrywide Home Loans, Inc. Morton provided Shaheen with the power of attorney described above. During the settlement process Shaheen's only contact with debtor was through Morton. (Tr. at 39.) Morton represented to Shaheen that he had full authority to act on debtor's behalf. He sent a

---

[1] The date of the initial contact does not appear in the record. However, based upon Morton's evidence that he made payments to the foreclosure trustee to stop the foreclosure, the contact appears to have taken place in September 2005. (Morton Ex. 1.)

letter to Shaheen with the loan payoffs involved in the sale and requesting that the seller proceeds be made payable directly to him. (Ex. 6; Tr. at 42-43.) Morton did not inform Shaheen that the seller Banks was a debtor in a pending bankruptcy case. Although Shaheen obtained a title report on the property, the report did not reflect debtor's pending bankruptcy. Shaheen conducted the settlement on November 23, 2005, following which the firm issued a net proceeds check in the amount of $48,993.95 payable to " Ivan Morton f/b/o/ Nedra Banks." The check was delivered to Morton based on debtor's power of attorney and Morton's instructions to remit the seller's proceeds check payable to him for the benefit of debtor. Morton kept the proceeds for his own use, and no portion of these funds was received by the debtor or her trustee.

Morton did not contact debtor's bankruptcy lawyers prior to the closing or request approval for the sale of debtor's property from the trustee or the bankruptcy court. (Tr. at 79.) Accordingly, the sale was not authorized by the bankruptcy court. After debtor's case was converted to chapter 7, the chapter 7 trustee learned of the sale and filed a complaint initiating this adversary proceeding on November 22, 2007. Shaheen did not learn of debtor's bankruptcy or of the unauthorized nature of the sale until it was served with process of the trustee's complaint.

Additional facts are stated below.

Discussion and Conclusions of Law.

The trustee's counsel appeared in bankruptcy court on October 1, 2009, prior to commencement of trial, and advised the court that the trustee had reached an agreement of settlement of her claim against defendant Morton. Counsel requested that the court set the case down for a status conference so that the trustee could give notice of her compromise with Morton. Also, Shaheen's counsel advised that it had settled the trustee's claim against it by agreeing to pay

5

the trustee the sum of $15,000.00. Morton's compromise settlement with the trustee has not been approved by the bankruptcy court. Moreover, trustee's counsel subsequently advised the bankruptcy court that Morton has failed to comply with the terms of the settlement.

DEFENDANT'S MOTION TO DISMISS SHAHEEN CROSS-CLAIM

Prior to trial, defendant Morton orally moved for dismissal of the Shaheen cross-claim on the following grounds:

1) the bankruptcy court lacks subject matter jurisdiction or "standing" over the cross-claim in light of Shaheen's settlement with the trustee ("[T]here's no federal question, no federal issue or federal venue . . . .") (Tr. 7.);

2) Shaheen no longer has standing to pursue its claim under these same circumstances ("[T]here is no core proceeding.") (Tr. 7.); and

3) Shaheen's cross-claim for fraud is barred by the Virginia statute of limitations.

Morton's motion at trial raising the statute of limitations should be denied as untimely because the bankruptcy court's pretrial order of March 18, 2009, required motions to be filed no later than 21 days prior to trial. *See also* Fed. R. Civ. P. 8(c), made applicable by Fed. R. Bankr. P. 7008. Morton has effectively waived the statute of limitations defense.[2]

JURISDICTION

Morton's oral motion to dismiss Shaheen's cross-claim asserts that the trustee's settlement of her claims against Morton and Shaheen divests the bankruptcy court of jurisdiction to enter a

---

[2] There is no merit in Morton's statute of limitations motion. The limitations period for Shaheen's fraud cross-claim was two years after the cause of action arose; the cause of action arose when Shaheen discovered the fraud, which was not until it was served with the trustee's complaint. Virginia Code §§ 8.01-243(A), 8.01-249(1).

6

final order on Shaheen's cross-claim against Morton. In light of Morton's default of his settlement agreement, the premise for his dismissal motion no longer exists.

However, the issue of jurisdiction having been raised, it is appropriate to clarify the basis for the bankruptcy court's subject matter jurisdiction over the cross-claim, which does involve two non-debtor parties.[3]

The Fourth Circuit as recently as 2007 addressed the issue of bankruptcy court jurisdiction over claims. In *Valley Historic Ltd. Partnership v. Bank of New York*, 486 F.3d 831 (4th Cir. 2007), the court outlined sources of the bankruptcy court's jurisdiction. "The bankruptcy court derives its jurisdiction from the district court. *See* 28 U.S.C. § 157(a), (b)(1). District courts have 'original and exclusive jurisdiction of all cases under title 11,' and 'original but not exclusive jurisdiction of all civil proceedings arising under title 11, or *arising in* or *related to* cases under title 11.' 28 U.S.C. § 1334(a), (b)." 486 F.3d at 835 (emphasis added).

Basically, "arising under" jurisdiction under 28 U.S.C. § 1334 exists when a claim is made under a provision of title 11. 1 *Collier On Bankruptcy* ¶ 3.01[3][c][i] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. rev. 2009). The Fourth Circuit has described "arising in" jurisdiction as jurisdiction that "would have no practical existence but for the bankruptcy." *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003) (quoting *Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.),* 86 F.3d 364, 372 (4th Cir. 1996)); *see also Valley Historic Ltd. P'ship v. Bank of*

---

[3] Shaheen's cross-claim was deficient in failing to plead the jurisdictional basis for its claim as required by Federal Rule (8)(a), made applicable in adversary proceedings by Bankruptcy Rule 7008. Additionally, in an adversary proceeding, Bankruptcy Rule 7008(a) requires a cross-claim to state whether it is core or non-core.

*N.Y.*, 486 F.3d at 835.

With respect to a bankruptcy court's § 1334 "related to" jurisdiction, the Fourth Circuit has stated that

> 'the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.' *Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 625 (4th Cir. 1997) (quoting *Pacor, [Inc. v. Higgins,]* 743 F.2d [984] at 994 (3d Cir. 1984). Therefore, '[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and [it] in any way impacts upon the handling and administration of the bankruptcy estate.' *Id.* at 625-26; *see also Spartan Mills v. Bank of Am. Ill.*, 112 F.3d 1251, 1255-56 (4th Cir. 1997).

*Valley Historic Ltd. P'ship v. Bank of N. Y.*, 486 F.3d at 836 (footnote and emphasis omitted).

Pursuant to 28 U.S.C. § 157(a), the district courts may refer cases and proceedings filed under U.S. Code Title 11 to the bankruptcy judges of the district. This reference may include "all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). Under such a reference bankruptcy judges are authorized to hear and rule in cases under title 11 and in "core proceedings arising under title 11, or arising in a case under title 11 . . . ." 28 U.S.C. § 157(b)(1). Core proceedings are defined in 28 U.S.C. § 157(b)(2) and include, among other things, "proceedings to determine, avoid, or recover fraudulent conveyances . . . ." 28 U.S.C. § 157(b)(2)(H). By general order of reference dated August 15, 1984, the United States District Court for the Eastern District of Virginia has referred title 11 cases and proceedings to the Eastern District of Virginia bankruptcy judges.

In summary, the bankruptcy court has jurisdiction to enter final orders in all title 11 bankruptcy cases and in all core proceedings, as defined in 28 U.S.C. § 157(b)(2). These core proceedings are often equated with the "arising under" jurisdictional grant of 28 U.S.C. § 1334.

This raises the question of to what extent a bankruptcy court may address issues "related to" the bankruptcy case, over which the district court has jurisdiction under 28 U.S.C. § 1334. The answer is provided in 28 U.S.C. § 157(c):

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c).

The trustee's complaint in this adversary proceeding seeks recovery under a number of Bankruptcy Code provisions, including the avoidance of the post-petition transfers of debtor's property under § 549(a), turnover under §§ 541, 542, and 544, and recovery under § 550 of the property that is the subject of the avoided transfers. With respect to all defendants, the trustee's adversary proceeding, at least initially, presented "arising under" claims, which gave the bankruptcy court jurisdiction of the proceeding pursuant to 28 U.S.C. §§ 1334. It is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (E),(H), and (O).

The analysis of the proceeding is somewhat different with respect to Shaheen's cross-claim against defendant Morton. This claim does not "arise in" debtor's bankruptcy. Whether the claim falls under the bankruptcy court's "related to" jurisdiction under 28 U.S.C. § 1334 is determined by whether the outcome of this adversary proceeding could "conceivably have any effect" on the administration of the debtor's bankruptcy estate. *Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 625 (4th Cir. 1997). *See also Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) ('the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being

9

administered in bankruptcy.'). Under this standard, Shaheen's claim against Morton could have an effect on the bankruptcy estate because it could have an impact on Morton's ability to pay any judgment claim of the trustee, and it is therefore a "related to" claim.[4] Thus, 28 U.S.C. § 157(c) requires that the bankruptcy court submit its proposed findings of fact and conclusions of law to the district court for its consideration and for the entry of a final order or judgment.

SUPPLEMENTAL JURISDICTION

As a final note on the issue of jurisdiction, the bankruptcy court has authority to retain jurisdiction over Shaheen's "related to" cross-claim even if there had been a final binding settlement of the trustee's claim against Morton.[5] The Fourth Circuit Court of Appeals has held that if bankruptcy "related to" jurisdiction exists over a removed state court law suit, a party's settlement of its claim against the debtor does not divest the district court of subject matter jurisdiction over that party's claim against a third party. *In re Celotex Corp.*, 124 F.3d at 126. *See also 1 Moore's Manual: Federal Practice and Procedure*, § 5.91[2], rev. 2005; *Newby v. Enron*

---

[4]The bankruptcy court considered whether Morton consented to having the counterclaim treated as a core proceeding, since he did not raise the issue in his response to the counterclaim. *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d at 400. However, Shaheen's cross-claim was deficient in failing to plead the jurisdictional basis for its claim and in failing to state whether the claim is core or non-core, as required by Federal Rule (8)(a), made applicable in adversary proceedings by Bankruptcy Rule 7008. Thus, while in his answer to the trustee's complaint, Morton consented to the bankruptcy court's jurisdiction and admitted that the action was a core one, he cannot be deemed to have done the same with respect to the cross-claim. Neither can it be assumed that Morton has consented to the bankruptcy court's ability to enter final orders or judgment on the cross-claim.

[5] For recent decisions authorizing the bankruptcy court to exercise jurisdiction over core, "arising in" claims where the underlying bankruptcy case has been dismissed, see *Johnson v. Smith (In re Johnson)*, 575 F.3d 1079, 1082-1084 (10th Cir. 2009); *Honigman, Miller, Schwartz and Cohn, L.L.P. v. Adell (In re John Richards Homes Bldg. Co.)*, 405 B.R. 192, 210 (E.D. Mich. 2009).

*Corp. (In re Enron Corp. Secs., Derivative & ERISA Litigation MDL-1445)*, 535 F.3d 325, 335 (5th Cir. 2008). As the Shaheen cross-claim is "related to" debtor's bankruptcy case, the expansive holding in *Celotex* defeats Morton's argument that the settlement of the trustee's complaint against him and Shaheen divests the bankruptcy court of jurisdiction of the counterclaim.

There remains one jurisdictional question, hypothetical in this case. Would the bankruptcy court have been deprived of jurisdiction had the court found the Shaheen cross-claim to be an issue that is non-core and not "related to" the title 11 case? Numerous courts have used the provisions of 28 U.S.C. § 1367(a) as a basis of bankruptcy court jurisdiction. 28 U.S.C. § 1367(a) provides that

> Except as provided in subsection (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Courts employing this statute as a basis for jurisdiction essentially reason that if the district court has jurisdiction under § 1367, the referral of the chapter 11 case to the bankruptcy court transfers the § 1367 jurisdiction to the bankruptcy court as well.

The jurisdiction of U.S. district courts to exercise supplemental or ancillary jurisdiction in "related to" bankruptcy proceedings is generally recognized. However, the extent to which bankruptcy courts may exercise such jurisdiction is far from settled. The 2007 case of *Marshall & Ilsley Trust Co. v. Lapides (In re Transcolor Corp.)*, 2007 WL 2916408 (Bankr. D. Md. 2007) contains an excellent summary of the cases in which courts found that the bankruptcy courts may exercise supplement jurisdiction and the cases in which courts found to the contrary. In *Transcolor*, the bankruptcy court declined to exercise supplemental jurisdiction. *See also Allen v. Kuhlman Corp.*, 322 B.R. 280, 284 (S.D. Miss. 2005); *Liberty Mut. Ins. Co. v. Lone Star Inds., Inc.*, 313 B.R.

9, 21 (D. Conn. 2004).

The case of *Heartwood 11, L.L.C. v. Dekalb County, Ga. (In re Hospitality Ventures/LaVista )*, 358 B.R. 462 (Bankr. N.D. Ga. 2007) is often cited in support of the bankruptcy court's exercise of supplemental jurisdiction. The court set forth the factors in favor of the bankruptcy court's exercise of supplemental jurisdiction. First, it noted that the exceptions to § 1367 are listed with specificity and are limited to those situations 1) in which original jurisdiction is based upon diversity of citizenship, 2) in which jurisdiction is specifically declined by the court in certain described situations, and 3) in which a federal statute specifically provides otherwise. Bankruptcy jurisdiction is not excluded in § 1367, and thus the court reasoned that "a district court with bankruptcy jurisdiction of claims under § 1334(b) has supplemental jurisdiction of claims otherwise outside that jurisdiction if the latter claims are part of the same 'case or controversy.'" 358 B.R. at 473. The court then addressed whether that jurisdiction could be transferred to a bankruptcy court in the situation in which the claim at issue did not meet the *Pacor* "conceivable effect" test, arose in a proceeding in which the primary claim was a core matter, and "has a nexus with the primary claim that is sufficient to bring the claim within a district court's § 1334(b) jurisdiction as supplemented by § 1367."

The court noted that there exists a jurisdictional nexus between § 1367 (district court jurisdiction) and § 1334 (bankruptcy court jurisdiction) for at least two reasons. First, a "related to" claim and the primary claim form one constitutional "case or controversy," involving the same core of facts. Second, the court reasoned that a core-related supplemental claim is part of the larger bankruptcy case, which consists of more than the filing of the bankruptcy petition. The adjudication of any substantive rights that must be undertaken as a result of the filing of the petition is part of the bankruptcy "case," which becomes "a collective reference to the proceedings

filed in the case that arise under the Bankruptcy Code." Such an adjudication becomes a part of the case under § 1367.

Based upon those two theories, the court found that "[t]he jurisdictional nexus required for supplemental jurisdiction under § 1367 of a core-related supplemental claim also provides the nexus required to relate such claim to the bankruptcy case for purposes of § 1367(a), either because the claim is an interwoven component of a core proceeding related to the bankruptcy case or because the claim is related to a core proceeding that is a component of the bankruptcy case." 358 B.R. at 478.[6]

Adopting the contrary view is the Bankruptcy Court for the Western District of Missouri. In *Scully v. Danzig (In re Valley Food Services, LLC)*, 400 B.R. 724 (Bankr. W.D. Mo. 2008), Judge Venters remarked that the divergence of opinion on the extent of the jurisdiction conferred upon the bankruptcy courts by §§ 1367 and 157 arises from differences of opinion as to the extent of § 157's "related to" jurisdiction. In *Valley Food Services*, the court was persuaded that the narrow interpretation was the correct one for two reasons. First, the court was unwilling to make a ruling that would expand "related to" jurisdiction, as it felt to do so would be in direct conflict with

---

[6]Additionally, in *Heartwood 11*, Judge Bonapfel undertook an extensive analysis of the legislative history of the Bankruptcy Reform Act of 1978. He concluded that Congress had, in enacting the existing bankruptcy legislation, enacted a jurisdictional system that was intended to provide the maximum jurisdiction to the bankruptcy courts. 358 B.R. at 480-81. This supports his view that § 1367's expanded jurisdiction should be extended to the bankruptcy courts.

Subsequent to *Hospitality Ventures*, other bankruptcy courts have adopted its approach. *See Cooper v. BB Syndication Servs. (In re 222 S. Caldwell St., Ltd. P'ship)*, 409 B.R. 770 (Bankr. W.D.N.C. 2009); *Century 21 Real Estate, LLC v. Prestige Realty Group of Ohio and Florida, LLC (In re Prestige Realty Group of Ohio & Florida, LLC)*, 420 B.R. 894 (Bankr. S.D. Fla. 2009); and *Paffenroth v. R.E. Barnett & Sons Trucking Co. (In re R.E. Barnett & Sons Trucking Co.)*, 2010 WL 376947 (Bankr. D. Az. 2010).

the *Pacor* decision of the Eight Circuit, which was binding authority upon the court. Second, the court was also mindful of the canon of construction that jurisdictional statutes are to be read narrowly. *Id.* at 729-730. Finally, the court noted that the factual nexus in the case was not sufficient for supplemental jurisdiction even were the court to exercise it. *Id.* This result was also reached in *Walker v. The Cadle Co. (In re Walker)*, 51 F.3d 562 (5th Cir. 1995), in which the Fifth Circuit held that a bankruptcy court could not exercise supplemental jurisdiction under § 1367.

The bankruptcy court for the Southern District of New York has also examined the issue of supplemental jurisdiction in the bankruptcy courts and concluded that it would be improper for the bankruptcy court to exercise the supplemental jurisdiction granted to the district court by § 1367. In *Enron Corp. v. Citigroup, Inc. (In re Enron Corp.)*, 353 B.R. 51 (Bankr. S.D.N.Y. 2006), the court concluded that the "jurisdictional grant in 28 U.S.C. § 1334(b), and 28 U.S.C. § 157 by implication, negates a bankruptcy court's exercise of jurisdiction of a supplemental non-federal claim in instances where that claim has no impact on the bankruptcy estate. The carefully crafted conferral of jurisdiction would be undermined if bankruptcy courts were authorized to exercise supplemental jurisdiction." *Id.* at 61.

However, today the question of supplemental jurisdiction need not be decided, since the issue at bar has been resolved based on the bankruptcy court's "related to" jurisdiction.

SHAHEEN'S CROSS-CLAIM AGAINST MORTON

Having resolved the jurisdictional issues, the merits of the cross-claim may be considered. Morton represented himself to the settlement agent Shaheen as debtor's attorney-in-fact who was authorized to represent debtor in the sale of her real property. Morton did not advise Shaheen of debtor's bankruptcy case, and the title report obtained by Shaheen for the settlement did not disclose the bankruptcy. Consequently, at settlement Shaheen followed Morton's direction to make

14

the seller's proceeds check payable to him. Morton took the funds for his own use rather than turn them over to debtor or debtor's bankruptcy trustee. The trustee's complaint alleges that in his actions regarding the debtor's property, Morton committed fraud for which he is liable and that Shaheen breached its fiduciary and contractual duty to debtor and the trustee, for which it is liable. Shaheen's cross-claim seeks damages from Morton on the same basis as that claimed by the trustee to the extent of any liability Shaheen might have to the trustee along with its attorney fees and costs in defending the adversary proceeding and in pursuing the cross-claim.

There is no question here that Morton knew Banks was a debtor in a bankruptcy case, and he had been told by the debtor that the bankruptcy court would have to approve the sale of the real property. He ignored this advice. At trial, Morton testified that he advised an employee of Shaheen that Banks was in bankruptcy. Shaheen presented more cogent evidence to the contrary, proving that Morton made a material misstatement to Shaheen to the effect that he was debtor Banks' attorney in fact, authorized to receive the seller's proceeds. Morton took the funds and used them to his own benefit.[7] Morton's misrepresentation and taking the money was a basis for the trustee's fraud claim.

In Virginia, a cause of action for actual fraud requires a showing, by clear and convincing evidence, of: 1) a false representation, 2) of a material fact, 3) made intentionally and knowingly, 4) with intent to mislead, 5) reliance by the party misled, and 6) resulting damage to the party misled. *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994). With regard to constructive fraud, the difference is that "the misrepresentation of material fact is not made with the intent to mislead, but is made innocently or negligently although resulting in

---

[7] Morton's defense appears to have been that he expended substantial sums fixing up the real property. However, his evidence to this effect is not relevant.

damage to the one relying on it." *Id.* The misrepresentation "may take the form of silence or the failure to speak." *Nationwide Mut. Ins. Co. v. Hargraves*, 242 Va. 88, 92, 405 S.E.2d 848, 851 (1991).

Morton's misrepresentations were reasonably relied upon by Shaheen and constituted either actual or constructive fraud. At trial, Shaheen established that it has suffered damages as a result of Morton's actions in the amount of $15,000.00, the settlement payment to the trustee, plus $45,600.00 in attorneys' fees and costs expended in defending the trustee's adversary proceeding and in pursuing the cross-claim. Morton has not challenged these damages, and under the circumstances of the case, it is recommended that Shaheen be granted an award of attorney fees.

## Summary

The bankruptcy court recommends that 1) the district court find that the bankruptcy court had jurisdiction to hear the cross-claim, pursuant to 28 U.S.C. § 157, and deny Morton's oral motion to dismiss, 2) the district court deny Morton's oral motion at trial that the cross-claim is barred by the statute of limitations, 3) the district court grant Shaheen's motion to amend the cross-claim and 4) the district court enter judgment in the amount of $60,600.00 against Morton and in favor of Shaheen. A proposed order is attached as Exhibit A.

Pursuant to Rule 9033 of the Federal Rules of Bankruptcy Procedure, the Clerk is ORDERED to electronically transmit and mail a copy of this Report and Recommendation to the individuals listed below.

Any party objecting to this Report and Recommendation shall serve and file any such objections within fourteen (14) days after the date of the mailing of this Report and Recommendation with the Clerk of this Court. Any such Objection shall identify the proposed recommendations objected to and state the grounds for such objection.

Signed: _____

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT


COPIES TO:

Kevin A. Lake, Esquire
Vandeventer Black LLP
P.O. Box 1558
Richmond, Virginia 23218-1558
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Ivan Morton
4509 W. Broad Street
Richmond, Virginia 23230
*Pro Se Defendant and Cross-Defendant*

David R. Ruby, Esquire
Michele A. Mulligan, Esquire
Nathan A. Colarusso, Esquire
McSweeney Crump Childress & Temple, P.C.
11 South 12th Street, Fifth Floor
P.O. Box 1463
Richmond, Virginia 23218-1463
*Counsel for Shaheen & Shaheen, P.C., Cross-Claimant*


Nedra Y. Banks
6400 Kingsland Creek Lane
Chesterfield, Virginia 23832
*Pro Se Debtor/Defendant*

Robert Van Arsdale, Esquire
Office of the United States Trustee
701 E. Broad Street, Suite 4304
Richmond, Virginia 23219
*Assistant United States Trustee*

## "EXHIBIT A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**IN RE: NEDRA YVETTE BANKS**  Bankruptcy Case No.
    Chapter 7 Debtor  04-38360-DOT

**LYNN L. TAVENNER, TRUSTEE FOR THE**
**BANKRUPTCY ESTATE OF NEDRA YVETTE BANKS**
    Plaintiff.
  v.  Bankruptcy Adv. Proc. No.
  07-03157-DOT

**IVAN MORTON, et al.**
    Defendants.

**SHAHEEN & SHAHEEN, P.C.**
    Cross-Claimant
v.

**IVAN MORTON**
    Cross-Defendant

## **ORDER**

For reasons stated in the memorandum opinion entered this day,

IT IS ORDERED that the motion of cross-defendant Ivan Morton to dismiss the cross-claim of Shaheen & Shaheen, P.C. for lack of subject matter jurisdiction is DENIED; and it is further

ORDERED that the motion of cross-defendant Ivan Morton to dismiss the cross-claim of Shaheen & Shaheen, P.C., based upon the statute of limitations is DENIED; and it is further

ORDERED the motion of Shaheen & Shaheen, P.C., to amend the cross-claim is GRANTED; and it is further

ORDERED that judgment is entered against Ivan Morton and in favor of Shaheen & Shaheen, P.C., in the amount of $60,600.00.

Signed: _____

                                      _____
                                      UNITED STATES DISTRICT JUDGE

COPIES TO:

Kevin A. Lake, Esquire
Vandeventer Black LLP
P.O. Box 1558
Richmond, Virginia 23218-1558
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Ivan Morton
4509 W. Broad Street
Richmond, Virginia 23230
*Pro Se Defendant and Cross-Defendant*

David R. Ruby, Esquire
Michele A. Mulligan, Esquire
Nathan A. Colarusso, Esquire
McSweeney Crump Childress & Temple, P.C.
11 South 12th Street, Fifth Floor
P.O. Box 1463
Richmond, Virginia 23218-1463
*Counsel for Shaheen & Shaheen, P.C., Cross-Claimant*

Nedra Y. Banks
6400 Kingsland Creek Lane
Chesterfield, Virginia 23832
*Pro Se Debtor/Defendant*

Robert Van Arsdale, Esquire
Office of the United States Trustee
701 E. Broad Street, Suite 4304
Richmond, Virginia 23219
*Assistant United States Trustee*